The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This opinion is being issued in response to your recent question regarding the state's general storm water permit.
You have described a scenario under which a developer submits plans to a municipality for the creation and development of a residential subdivision. The plans are approved, and the developer commences with the clearing and grading of land, the installation of improvements, the layout of lots, etc. During this process, the developer submits a Notice of Intent to the Arkansas Department of Pollution Control and Ecology for coverage under the state's general storm water permit. (You attached a copy of the permit to your correspondence.) Coverage under the general permit is approved. Thereafter, the developer sells the individual lots (or options them) to different home builders, who then either build speculation houses on the lots, or contract with buyers to build houses thereon. The residential subdivision as a whole meets the regulatory and statutory criteria for requiring a storm water permit for the construction activity thereon, but the developer does not retain actual operational control over any construction site after it is sold or optioned to a home builder.
With regard to the above-described scenario, you have presented the following questions:
 (1) Are the individual home builders required to submit a Notice of Intent to obtain separate coverage under the general permit?
 (2) Are the individual home builders required to obtain individual storm water permits, as "owners or operators" under the applicable laws?
 (3) Does the developer's approved Notice of Intent automatically cover any person or entity who subsequently takes over operational control of the construction work on any site?
RESPONSE
Question 1 — Are the individual home builders required to submit a Noticeof Intent to obtain separate coverage under the general permit?
At the outset of responding to Question 1, I note two pertinent points. First, I am assuming that in using the term "home builders," you are referring to the "owners" and "operators" of the property in question (as those terms are used in the state's general permit). Second, the answer to Question 1 will differ as to sold lots and as to optioned lots.
Sold Lots
Assuming that each individual lot that is sold by the developer is one that, in and of itself, meets the regulatory and statutory criteria for requiring a storm water permit for construction activity thereon,[1] it is my opinion that the owners of those lots that are sold, or the operators of construction on those lots (if the owner is not in control of construction on the site), must submit a Notice of Intent to obtain coverage under the state's general storm water permit, if they have not applied for a permit transfer pursuant to the provisions of A.C.A. §8-1-106(e). Various sections of the general permit itself mandate this conclusion.
First, the general permit states that:
 Owners and operators within the State of Arkansas who fail to submit a written Notice of Intent to the Director to be covered by this general permit are not authorized to discharge under the general permit.
Arkansas General Storm Water Permit No. ARR10A000, Page 1.
A subsequent provision of the general permit reiterates this requirement, stating:
 An owner or operator of a construction site must submit a Notice of Intent (NOI) in accordance with the requirements of Part II of this permit in order for storm water discharges from construction sites to be authorized to discharge under this general permit.
Arkansas General Storm Water Permit No. ARR10A000, Part I, § D(1).
In addition, the general permit states: "This permit is not transferable to any person except after notice to the Director."[2] Arkansas General Storm Water Permit No. ARR10A000, Part V, § O.
The above provisions, both when read together and when read separately, indicate that each owner of a site for which permit coverage is required (or the operator, if the owner is not in control of the project on the site) must submit a Notice of Intent. If the developer has sold any property for which coverage is required, he is no longer the owner of that property. Moreover, his sale of that property did not transfer his coverage under the general permit.[3] The new owner (or his operator) must, therefore, obtain coverage by submitting a Notice of Intent.
This conclusion is bolstered by the requirements as to the information that must be submitted in a Notice of Intent. Among the items that must be included in the Notice of Intent are the owner's name and address, and a description of the project to be conducted on the site in question. If the developer is no longer the owner of the property, the statement of the owner's name, as set forth in the developer's Notice of Intent, will be inaccurate. In addition, if the developer is no longer the owner, he no longer has control over the project to be conducted on the site in question. It is likely that an accurate description of the project to be conducted on that property (including the required statement of estimated start and complete dates) can only be given by the current owner, whodoes have control over such project. It is unlikely that the former owner (the developer) could have included an accurate description of a subsequent owner's project in his Notice of Intent.
For these reasons, I conclude that the new owners to whom the developer sold the property (or their operators) must submit Notices of Intent to obtain coverage under the state's general storm water permit.
Optioned Lots
As to the lots that the developer merely optioned, rather than sold, it is my opinion that the purchaser of the option will not be required to obtain coverage under the state's general storm water permit. However, a new Notice of Intent must be filed by the operator, if the operator has changed since the developer's coverage under the general permit was approved (or if, as you have stated, the developer no longer directs the projects being conducted on such property).
Again, I base this conclusion on various sections of the general permit itself.
First, the permit states:
 Failure to Notify. Owners (or operators when owners do not operate the facility) who fail to notify the Director of their intent to be covered under this permit, and who discharge pollutants to waters of the State without a NPDES permit, are in violation of the Arkansas Water and Air Pollution Control Act ( Act 472 of 1949, as amended).
Arkansas General Storm Water Permit No. ARR10A000, Part II, § B (emphasis added).
In addition, the Notice of Intent must state:
 The name, address and telephone number of any operator(s) (contractors) that have been identified as having day to day operational control at the time of NOI submittal.
Arkansas General Storm Water Permit No. ARR10A000, Part II, § C(3).
Finally, the general permit states:
 Where a new operator is selected after the submittal of an NOI under Part II, a new Notice of Intent must be submitted by the operator in accordance with Part II.
Arkansas General Storm Water Permit No. ARR10A000, Part I, § D(2).
The above-quoted provisions of the general permit indicate that if the operators on the optioned lots have changed since the developer's Notice of Intent was submitted, or if the developer has relinquished control of the projects on such lots to the operator, the operator must submit a Notice of Intent to be covered under the general permit.
Question 2 — Are the individual home builders required to obtainindividual storm water permits, as "owners or operators" under theapplicable laws?
It is my opinion that because the general permit and applicable laws provide an avenue for owners and operators (such as those in the position of the home builders whom you have described) to obtain coverage under the state's general storm water permit, such owners and operators are not required, as a matter of law, to obtain individual storm water permits. However, they may be required by the Director of the Department of Pollution Control and Ecology to apply for and obtain an individual permit. See Arkansas General Storm Water Permit No. ARR10A000, Part I, § C(1). The Director can require application for individual permits only if the owners and operators of whom it is being required have been notified in writing of the requirement. The language of the general permit appears to contemplate that such a requirement can only be made of owners and operators who are already covered under the general permit.
Question 3 — Does the developer's approved Notice of Intent automaticallycover any person or entity who subsequently takes over operationalcontrol of the construction work on any site?
It is my opinion that it does not. See response to Question 1.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The factors that trigger the requirement of coverage under the state's general storm water permit are: (1) The property in question must consist of at least five acres in the aggregate; and (2) The activity conducted thereon must disturb all five acres in a manner that would increase the storm water discharge. 40 C.F.R. § 122.26. This opinion is based upon the assumption that the sold lots meet these criteria. The buyers of lots that do not meet these criteria will not be required to obtain coverage under the state's general storm water permit. It should be noted that litigation of the issues raised in your correspondence could center around a dispute as to the facts (e.g., whether a particular lot is required to be covered by the permit or not).
[2] See A.C.A. § 8-1-106(e), which provides a procedure for obtaining a permit transfer.
[3] Presumably, the new owner did not apply for a transfer of permit, pursuant to the provisions of A.C.A. § 8-1-106(e).